FRITZ CRAWFORD V. THE STATE.

No. 16685. Delivered May 2, 1934.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Aggravated assault is the offense; penalty assessed at a fine of twenty-five dollars.

By complaint and information the appellant was charged with committing an aggravated assault upon Mrs. J. R. Lily, by hitting her, the appellant being an adult male and Mrs. J. R. Lily, a female.

A sufficient summary of the evidence is as follows: The appellant's wife was the daughter of Mrs. J. R. Lily. The appel-

lant and his family lived in the same neighborhood as Mrs. Lily. According to the testimony of Mrs. Lily, she entered the home of the appellant and he forcibly drove her out, hitting her in the face with his fist and also causing the screen door to strike her in the face resulting in pain and injury. According to the testimony of both the State and the appellant, the wife of the appellant was preparing to accompany her sister to a picture show, or at least, she had designed to do so. The appellant arrived with some fish. He objected to his wife going to the picture show and desired that she remain at home and cook some fish. Mrs. Lily was expected to take care of the children of the appellant and his wife and resented the fact that appellant opposed his wife's going to the picture show.

The appellant's wife testified that when her husband objected to her going to the picture show, an argument ensued between them, but it was settled by her agreeing to stay at home and cook the fish and that they would go to the show later during the day. According to the witness, the prosecutrix, Mrs. Lily, had a violent temper and an overbearing disposition. She continued to abuse the appellant and called him vile names. He took hold of Mrs. Lily, led her to the front door, pushed the screen door open and told her to get out. As she started out, the screen door flew back out of his hand and hit her in the face. Appellant did not strike her with his fist at all.

The appellant's testimony was in substance the same as that of his wife. He started to take hold of Mrs. Lily's arm and told her to go home. He pushed the door back and was holding it and telling her to get out. She was jerking and fighting him. About the time she got through the door, she jerked him and pulled him back. The door flew back and hit her. Appellant said he did not intentionally let the door fly back and hit her.

The sister of the appellant's wife testified that she had gone to the home of the appellant with the view of going to the show with his wife, and that appellant's opposed his wife's going. The witness' testimony conflicted with that of the prosecutrix with reference to the appellant hitting the latter, putting her out of the house and pushing her through the screen door. The witness said that her mother was "high-strung" and hard to get along with.

The court gave a written charge containing many subdivisions, to which appellant addressed many objections. He also requested several special charges which were refused. The requested amendments of the main charge were also denied. A

detailed discussion of the numerous points arising due to the action of the court mentioned above is not necessary.

One of the special charges requested contains the following: "The defendant had the right to use such force as was reasonably necessary to protect his person from the unlawful attack of Mrs. R. J. Lily and if you find from the evidence that he did not use more force than was reasonably necessary to do so, he will not be guilty."

Another special charge contains the following: "The defendant had a right to use such force as was reasonably necessary to protect his home from the unlawful intrusion of Mrs. J. R. Lily and if you find from the evidence that he did not use more force than was reasonably necessary to protect his home from her intrusion, then you will find him not guilty."

One has a right to use such force as is necessary under the circumstances to protect his home against unlawful and forcible intrusion. See Branch's Ann. P. C., art. 1110, p. 1110; Richardson v. State, 7 Texas App., 493; Weaver v. State, 19 Texas App., 547; Newman v. State, 58 Texas Crim. Rep., 447; Hinton v. State, 24 Texas, 454; Yantis v. State, 49 Texas Crim. Rep., 410; P. C., 1925, art. 1227; Gilliam v. State, 100 Texas Crim. Rep., 67; Rasberry v. State, 88 Texas Crim. Rep., 13.

Upon the record before us, we are impressed with the view that the judgment should be reversed and the cause remanded, which is accordingly ordered.

*Reversed and remanded.*